ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR -8 PM 4: 03

CLERK C Reynolds
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DERRICK L. COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV104-027 |
| | ) | |
| CARL HUMPHREY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After Respondent's motion to dismiss the petition as untimely was denied, the Court directed Respondent to brief the merits. (See doc. nos. 10, 12). The matter is now ripe for decision. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On January 8, 1997, a jury in the Superior Court of Richmond County convicted Petitioner of malice murder, felony murder, and possession of a firearm during the commission of a crime, and he was sentenced to life imprisonment. (Doc. no. 1, pp. 2-3). On direct appeal before the Georgia Supreme Court, Petitioner argued: 1) the evidence was insufficient to support Petitioner's conviction; 2) trial counsel was ineffective because he failed to adequately investigate Petitioner's case, object to inadmissible evidence, or request

"a mistrial when the lead investigator stated that [Petitioner] was a drug dealer," and 3) the trial court committed plain error by not offering a curative instruction when State witness Investigator Stacy Williams ("Williams") stated that Petitioner was selling drugs. Resp.'s Ex. 1, p. 1; Resp.'s Ex. 4, p. 6. According to Petitioner, Williams's description of Petitioner as a drug dealer unfairly put Plaintiff's character at issue and prejudiced him. Resp.'s Ex. 4, pp. 8-9. Notwithstanding these claims, Petitioner's conviction and sentence were affirmed by the Georgia Supreme Court on October 23, 2000. See Collins v. State, 273 Ga. 30, 538 S.E.2d 34 (2000)("Collins I").

Following his unsuccessful appeal, Petitioner filed a state habeas corpus petition in the Superior Court of Ware County on March 19, 2001. Resp.'s Ex. 1b. Petitioner raised the following claims: 1) trial counsel was ineffective for failing to prepare for trial or investigate Petitioner's case; 2) trial counsel was ineffective for failing to advise Petitioner regarding whether to plea guilty or to testify on his own behalf; 3) trial counsel was ineffective for not objecting to Williams's testimony; 4) the trial court erred in not granting Petitioner a new trial; and 5) trial counsel was ineffective for not obtaining a private medical examiner "to confirm the state's claim of incident [sic]." See id. at 15. Following an evidentiary hearing, the state habeas court denied relief on September 30, 2002. Resp.'s Exs. 2a, 2b, & 3. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on April 30, 2003. Resp.'s Ex. 4.

While Petitioner's state habeas corpus petition was pending, Petitioner filed a motion

pursuant to O.C.G.A. § 17-9-4[1] in his trial court, arguing that his conviction was "null and void" because it was based on an erroneous jury instruction. (See doc. no. 1, p. 5; see also doc. nos. 3 & 5). The trial court denied the motion, and Petitioner appealed to the Georgia Supreme Court. The Georgia Supreme Court affirmed the denial of the motion, explaining:

> In his post-conviction, post-appeal motion currently before us, [Petitioner] did not question the trial court's personal or subject-matter jurisdiction. Rather, [Petitioner] raised an issue as to the content of a jury instruction given by the trial court in appellant's murder trial. Such an issue is an allegation that the criminal conviction is voidable, not an allegation that the conviction is void. Since [Petitioner's] post-conviction, post-appeal motion does not allege a ground upon which the judgment of conviction entered against him can be declared void, it does not qualify as a § 17-9-4 motion and does not provide a means by which a direct appeal to this Court may be obtained. In effect, [Petitioner] seeks a second direct appeal by means of his motion containing an issue he could have raised on his direct appeal, and he is not entitled to a second direct appeal from the judgment of conviction. [Petitioner's] attempt to obtain a second appeal of his conviction is subject to dismissal, and we hereby dismiss it.

Collins v. State, 277 Ga. 586, 587-88, 591 S.E.2d 820, 821-22 (2004)(internal citations omitted)("Collins II").

Following the Georgia Supreme Court's decision in Collins II, Petitioner filed the captioned federal petition for writ of habeas corpus on February 20, 2004. Petitioner essentially raises two allegations of error: 1) his conviction is based on an erroneous jury instruction, thus rendering it "null" or "void;" and 2) the Georgia Supreme Court erred in dismissing his appeal of the denial of his O.C.G.A. § 17-9-4 motion. (Doc. no. 3, pp. 1-9;

---

[1] O.C.G.A. § 17-9-4 provides:

The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.

3

doc. no. 5, pp. 1-11). In response, Respondent contends: 1) Petitioner's contention that the Georgia Supreme Court committed error is no basis for federal habeas relief; and 2) Petitioner has procedurally defaulted his claim that the jury instruction was erroneous because he failed to raise it at trial, on direct appeal, or in his petition for habeas corpus. (See doc. no. 13). In a less than pellucid reply brief, Petitioner counters that the Georgia Supreme Court's decision denying his O.C.G.A. § 17-9-4 motion was "contrary to clearly established federal law" and reiterates his argument that the jury was erroneously charged. (Doc. no. 14, p. 3).

Having summarized the parties' contentions, the Court will explain the applicable standard of review.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, includes amendments to Chapter 153 of Title 28, codified at 28 U.S.C. §§ 2244 & 2253-2255, and amendments to Chapter 154 of Title 28, codified at 28 U.S.C. §§ 2261-2266, that are applicable to the current petition.

According to 28 U.S.C. § 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

The United States Supreme Court interpreted § 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000). The Supreme Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,"* or (2) *"involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."*

<u>Id.</u> at 404-05.

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

<u>Putman v. Head</u>, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted).[2] In sum,

---

[2] As to the analysis of the "unreasonable application" standard, the Supreme Court has explained:

> Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the

5

the writ of habeas corpus may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, § 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

With these basic principles in mind, the Court now turns its attention to the instant petition.

### III. DISCUSSION

A.  **Petitioner's Allegations of Error**

Before assessing whether the law affords Petitioner any relief, it will be helpful to

---

same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (finding application of Supreme Court precedent to be unreasonable requires more than an incorrect or erroneous state court decision; it must be "objectively unreasonable").

describe Petitioner's claims in greater detail. In the instant petition, Petitioner reiterates the argument he raised in his O.C.G.A. § 17-9-4 motion; namely, that the trial court issued an "unconstitutional" jury instruction when it told "the jury that Georgia law does not require premeditation," as this instruction "prohibited the jury from making a finding regarding the element of premeditation and relieved the State of its burden of proof with regard to that element." (Collins II, 277 Ga. at 586-87, 591 S.E.2d at 821; see also Resp.'s Ex. 2b, p. 580; doc. no. 3, p. 5). Petitioner further contends that the Georgia Supreme Court acted unreasonably when it dismissed his appeal of the denial of his O.C.G.A. § 17-9-4 motion. (See doc. nos. 1, 3, 5, 14).

**B.    Procedural Default**

As explained above, Petitioner did not bring his claim regarding the purportedly erroneous jury charge on direct appeal or in his state habeas petition. Consequently, Respondent argues that Petitioner's claims are procedurally barred from being reviewed in this federal collateral proceeding. As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). A federal habeas petitioner can run afoul of this procedural default rule in one of two ways.

First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250

F.3d at 1313. The Eleventh Circuit has explained that a state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, i.e., it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Id. (internal quotes and citations omitted).

Likewise, a federal habeas petitioner runs afoul of the procedural default rule when he attempts to bring a new claim that would be procedurally barred if raised in state court. In such instances, the petitioner's failure to properly bring the claim in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Of particular note in the instant case, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under O.C.G.A. § 9-14-51, a second or successive Georgia state habeas petition

is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Here, Petitioner has run afoul of both of these procedural default principles. Petitioner's claim regarding the purportedly erroneous jury charge was available on direct appeal and at the time he brought his state habeas petition. Yet, Petitioner failed to bring the claim on appeal or in his state habeas petition; nor has Petitioner identified any reason to excuse his failure. Accordingly, Petitioner has procedurally defaulted on his claims under O.C.G.A. § 9-14-51's successive petition rule, and this Court is precluded from reaching the merits of his claims under Chambers.

In addition, when Petitioner improperly attempted to raise his new claim in a post-conviction motion under O.C.G.A. § 17-9-4, the Georgia Supreme Court dismissed his appeal on independent and adequate state procedural grounds. The Georgia Supreme Court explained:

> Since appellant's post-conviction, post-appeal motion does not allege a ground upon which the judgment of conviction entered against him can be declared void, it does not qualify as a § 17-9-4 motion and does not provide a means by which a direct appeal to this Court may be obtained. In effect, appellant seeks a second direct appeal by means of his motion containing an issue he could have raised on his direct appeal, and he is not entitled to a second direct appeal from the judgment of conviction.

Collins II, 277 Ga. at 587, 591 S.E.2d at 822 (internal quotes and citations omitted).

9

The state appellate court's holding clearly satisfies the Eleventh Circuit's three-part test. First, contrary to Petitioner's arguments, the decision rests exclusively upon state procedural law. The sole issue addressed by the Georgia Supreme Court was whether O.C.G.A. § 17-9-4 was a proper procedural vehicle for Petitioner's claim. Second, the decision does not reach the merits of Petitioner's claim. Finally, the Georgia Supreme Court's decision is neither inadequate nor "manifestly unfair." In accord with the plain language of O.C.G.A. § 17-9-4 and its own precedent, the Georgia Supreme Court determined that O.C.G.A. § 17-9-4 was available only to challenge defects in the trial court's jurisdiction, and that Petitioner's alleged error thus did not fall within the ambit of O.C.G.A. § 17-9-4. See Collins II, 277 Ga. at 587, 591 S.E.2d at 822. Indeed, Petitioner's resort to O.C.G.A. § 17-9-4 (rather than seeking leave to amend his pending habeas petition) was improper and presented little more than an attempt to circumvent Georgia's successive petition rule. Put plainly, Petitioner has procedurally defaulted his claims.

**C.      Merits**

Furthermore, assuming *arguendo* that Petitioner's claims are properly before this Court, they lack merit. "'[P]remeditation is not an element of murder in Georgia, and the malice which is required for murder can be formed in an instant so long as it is present at the time of the act of killing.'" Brewer v. State, 280 Ga. 18, __, 622 S.E.2d 348, 351 (2005)(quoting Parks v. State, 254 Ga. 403, 414, 330 S.E.2d 686, 686 (1985)); see also Doss v. State, 262 Ga. 499, 501, 422 S.E.2d 185, 187 (1992). Thus, the jury instruction

complained of was not error.[3] Simply put, Petitioner has identified no constitutional error, and his claims lack merit. In sum, the instant petition should be denied as Petitioner's claims are both procedurally barred and lacking substantive merit.

## IV. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 8th day of March, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] The Constitution does not require Georgia to make premeditation an element of malice murder. See, e.g., Patterson v. New York, 432 U.S. 197, 213 (1977).